**STATE OF LOUISIANA**   *   **NO. 2021-KA-0439**

**VERSUS**      *

         **COURT OF APPEAL**

**TROY RHODES**    *

         **FOURTH CIRCUIT**

       *

         **STATE OF LOUISIANA**

    **\* \* \* \* \* \* \***

APPEAL FROM
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 432-709, SECTION "DIVISION G"
Judge Nandi Campbell,
\* \* \* \* \* \*
**Judge Terri F. Love**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love)


Jason Rogers Williams
DISTRICT ATTORNEY
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

G. Benjamin Cohen
Chief of Appeals, DISTRICT ATTORNEY
619 S. White Street
New Orleans, LA 70119


   COUNSEL FOR PLAINTIFF/APPELLANT


Pamela Metzger
P. O. Box 750116
Dallas, TX 75275


   COUNSEL FOR DEFENDANT/APPELLEE


       **DISMISSAL GRANTED**
       **OCTOBER 6, 2021**

In 2004, the Appellee, Troy Rhodes, was convicted of armed robbery and attempted second-degree murder. Over the next six years, the Appellee retained post-conviction counsel and unsuccessfully filed three applications for post-conviction relief. Seven years after the conviction, the Appellee filed a successful federal habeas corpus petition raising claims of prosecutorial misconduct and ineffective assistance of counsel. The federal court vacated the conviction and the case was remanded to the trial court for re-trial. The Appellee subsequently filed a Motion to Quash the indictment against him and dismiss all charges, with prejudice. The district court granted the Motion to Quash and the Appellant, the State of Louisiana, appealed the district court's decision. At present, the Appellant seeks to dismiss its appeal of the district court's decision granting the Appellee's Motion to Quash. We now grant the Appellant's Motion to Dismiss.

**FACTUAL AND PROCEDURAL HISTORY**

In June 2004, the Appellee, Troy Rhodes, was convicted of the June 2002 armed robbery and attempted second-degree murder of a commercial delivery truck driver for Leidenheimer Bakery. During trial, the prosecution had relied on the victim's identification of Mr. Rhodes as the perpetrator. The identification

1

occurred in the victim's hospital room, six days after being shot during the robbery. The victim had received pain medication from the hospital that day. That fact was documented in the victim's medical records, which Mr. Rhodes's state-funded trial counsel possessed. However, during the victim's testimony, he claimed that he was not medicated at the time of the identification. Mr. Rhodes's trial counsel declined to impeach the victim's statement, to the detriment of Mr. Rhodes. Over the next six years, Mr. Rhodes retained post-conviction counsel and unsuccessfully filed separate three applications for post-conviction relief.

In 2011, Mr. Rhodes filed a federal habeas corpus petition raising claims of prosecutorial misconduct and ineffective assistance of counsel. The ineffective assistance of counsel claim related to the trial attorney declining to impeach the victim's identification of Mr. Rhodes with available medical records. The claim also related to the post-conviction counsel's failure to raise the trial attorney's default and, furthermore, filing an application without seeking a complete file of the case.

The federal court found that Mr. Rhodes established that his trial counsel and post-conviction counsel were constitutionally ineffective, excusing the procedural default of his ineffective assistance of counsel claim. *Rhodes v. Vannoy*, 751 F. App'x 524, 532 (5th Cir. 2018). The conviction was vacated and the matter was remanded to the state trial court for re-trial. On December 16, 2019, Mr. Rhodes filed a Motion to Quash the indictment against him and dismiss all charges, with prejudice. On November 16, 2020, the district court held a hearing on the motion and granted the Motion to Quash. The State of Louisiana appealed the district court's decision. On September 29, 2021, the Appellant filed

a Motion to Dismiss its own appeal of the district court's decision granting the Appellee's Motion to Quash.[1]

**DISCUSSION**

In the Appellee's Motion to Quash the indictment against him and dismiss all charges, with prejudice, he argued that a re-trial of this case would violate his right to due process and speedy trial. He noted the length of delay from the original action in 2004, errors by state-funded counsel, loss of physical evidence, and the inability to locate contemporaneous witnesses. In its appeal of the district court's decision, the Appellant argued that the delay in proceedings against the Appellee was not fully attributable to the State for speedy trial purposes.

The Appellant, without conceding the merits of the Appellee's legal arguments, now seeks to dismiss its appeal of the trial court's decision granting the Appellee's Motion to Quash. The Appellant states that in reviewing the Appellee's brief and the record, it is apparent that retrial is impossible. The Appellant further states that its own inability to re-prosecute this case in a meaningful way necessitates dismissal in order to respect the Court's time and resources. Lastly, the Appellant has represented to the Court that the State has communicated with the victim, who is aware of the State's decision and the rationale for such a decision, and that the victim does not object to this proposed resolution.

**CONCLUSION**

Therefore, considering the Motion to Dismiss filed by the Appellant, we grant the motion and dismiss the appeal.

**DISMISSAL GRANTED**

---

[1] The Appellant's Motion to Dismiss was timely filed and unopposed.